STATE OF MAINE                           SUPERIOR   COURT
PISCATAQUIS, SS.                         DOCKET NO VI-100


STATE OF MAINE


v.                                       Decision


RAYMOND CONWAY


The Court conducted this possession of alcohol by a minor trial on July 23, 2016. The State was represented by Katherine Campbell while the defendant represented himself.

In this Decision, the Court addresses a search issue that arose during the trial. Officer Stephen Garib responded to an anonymous complaint of underage drinking at a particular residence in Dover-Foxcroft at approximately 11:30 p.m. on April 9, 2016. He parked his cruiser on the road to the side of the house and walked to the back of the house so that he could look through a window to view the occupants. He testified that he chose that back window because the others were covered. He indicated that he saw the defendant inside the house, taking a drink from a Bud Light can. Officer Garib then went to the front of the house and knocked on the door, eventually gaining access and encountering the defendant and another young male. Defendant told the officer that he did not live there and that the house belonged to the other male. The officer observed two beer cans inside the home.

The observation of the defendant's drinking beer is the only direct evidence placing the defendant in possession of alcohol, and without this any circumstantial inference is insufficient.  Because there is no allegation that the officer made this

observation while in an area that the public would commonly use to gain access to the house, there is a great risk that his observation would be suppressed as the fruit of an illegal search. The Court has reviewed *State v. Filion*, 2009 ME 23, however, which sets forth the relevant factors to be evaluated in deciding whether a house guest has standing to suppress the search of a third party's home. These factors, which the defendant must establish, include whether the defendant had possession of the property, his prior use of the property, whether his presence on the property was legitimate, his ability to control the property and exclude others, his access to the property in the owner's absence, and his subjective expectation of privacy. *Id.* at ¶ 13. Because the defendant has not established any of these factors, he does not have standing to raise the search issue. The Court adjudicates, by a preponderance of the evidence and based primarily on the officer's observations through the window, that the defendant committed the offense of possession of alcohol by a minor.

Dated: August 22, 2016

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT